**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00344-CR**
_____

**MATTHEW WADE GROGAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause No. A180220-R**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Matthew Wade Grogan ("Appellant" or "Grogan") for indecency with a child, a second-degree felony. *See* Tex. Penal Code Ann. § 21.11. Grogan pleaded "guilty" to the offense pursuant to a plea bargain agreement, and the trial court found Grogan guilty, deferred adjudication of guilt, and placed Grogan on community supervision for ten years. The State filed a Motion to Impose Guilt and alleged that Grogan had violated six terms of his deferred community supervision. At a hearing on the motion, Grogan pleaded "true" to the

1

allegations, and the trial court reset sentencing until the trial court could obtain an updated presentence investigation report. At a later hearing and based on Grogan's updated presentencing investigation report, the trial court found the evidence sufficient to find the allegations true, revoked Grogan's community supervision, found Grogan guilty of the offense of indecency with a child, and sentenced Grogan to seven years of confinement. Grogan timely filed an appeal.

On appeal, Appellant's court-ordered attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Grogan to file a pro se brief, and we received no response from Grogan.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate

2

Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on May 15, 2026
Opinion Delivered May 27, 2026
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

---

[1] Grogan may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.